JOANOS, Judge.
This is a workers’ compensation case in which the City of Miami (City) appeals the deputy commissioner’s order awarding the following: temporary total disability (TTD) benefits for a period of time after appellee Duane Gray (Gray) was fired from his job for reasons unrelated to his injury, until he began working another job at Saxon Paper Co. (Saxon) and for the period of time Gray was hospitalized; temporary partial disability (TPD) for the period of Gray’s employment with Saxon when he had not reached maximum medical improvement (MMI) or when he was hospitalized; wage-loss from *1010 August 27,1981, date of MMI, continuing as necessary; attorney’s fees; and costs.
There is no medical evidence that Gray was unable to work after his discharge from the City, there is no contention that his discharge was due to his injury and there is no evidence that he made a conscientious effort to find employment. Therefore, the award of TTD benefits for the period of time after his discharge from the City until his employment with Saxon is reversed; State v. Campbell, 417 So.2d 1156 (Fla. 1st DCA 1982).
Gray’s inability to work during his hospitalization and the medical evidence linking the hospitalization to his back injury are competent, substantial evidence to support the award of TTD benefits for the hospitalization period. Campbell at 1157.
Under Section 440.15(4)(b), Florida Statutes (1979), TPD benefits were improperly awarded, absent a showing that Gray’s wage-loss was caused by the compensable injury. Wage-loss benefits for the period following MMI and continuing as necessary were also improperly awarded as Gray did not establish a wage-loss resulting from the compensable injury. Section 440.15(3)(b)(2), Florida Statutes (1979). Additionally, Gray testified that his job duties with Saxon were similar to those with the City. Considering the lack of any showing of wage-loss caused by the compensable injury, the awards of TPD based upon wage-loss and wage-loss after reaching MMI are reversed.
The award of attorney’s fees is also in error as it was based in part on the erroneous compensation awards.
Accordingly, the Order is REVERSED in part, AFFIRMED in part and REMANDED for redetermination of appropriate attorney’s fees.
LARRY G. SMITH and NIMMONS, JJ., concur.